IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02174-BNB

ROBERT H. DIXON,

    Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Robert H. Dixon, is in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. Mr. Dixon has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

    On September 23, 2013, I ordered Respondents to file a Pre-Answer Response to the Application raising the affirmative defenses of untimeliness and failure to exhaust state court remedies, if Respondents intended to raise one or both of those defenses. Respondents filed a Pre-Answer Response on November 4, 2013, which includes relevant documents from Applicant's direct appeal and state post-conviction proceedings. Respondents have attempted to discern the basis of Applicant's third through seventh claims for relief, by cross reference to his state court appellate briefs, and have asserted the affirmative defense of failure to exhaust state court remedies with respect to those claims. Mr. Dixon has been granted an extension of time until December 26, 2013 to file a Reply.

1

In the Pre-Answer response, Respondents argue persuasively that the claims in the Application are not adequately pleaded.  Applicant identifies each of his seven claims with a cursory phrase, such as "prosecutorial misconduct," "state court abused its discretion," and "ineffective assistance of counsel," and refers to a page number in some other unspecified document for supporting detail.  [Doc. # 1, at 5].  However, the referenced page numbers do not appear to correspond with the page numbers in the opening briefs filed by Applicant in his direct appeal or state post-conviction proceedings.  As such, neither the Court, nor the Respondents, are able to ascertain with certainty the substance of his claims, particularly claims one and two.

Construing the *pro se* Application liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), I find that Mr. Dixon's allegations fail to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The claims that Mr. Dixon asserts in his Application are vague.  For each of his

seven claims, he fails to set forth the specific ground for relief or the facts supporting each ground for relief.  *See also* Rule 2(c) of the Rules Governing Section 2254 Cases. Although Mr. Dixon has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended § 2254 Application.  Accordingly, it is

ORDERED that Mr. Dixon file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Dixon shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Dixon fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.  It is

FURTHER ORDERED that the deadline for Mr. Dixon to file his Reply to the Pre-Answer Response is abated pending further order of the Court.

DATED December 4, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge